IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NICOLE COPEN,

            Plaintiff,

v.                                           CIVIL ACTION NO. 2:23-cv-00020

COMPRECARE HEALTH LLC,

            Defendant.

**ORDER**

Pending before the Court is Plaintiff Nicole Copen's Motion to Certify Question to the West Virginia Supreme Court of Appeals, (ECF No. 23). For the reasons set forth below, the Court **GRANTS** the motion.

*I.    BACKGROUND*

Copen initially brought the pending action in the Circuit Court of Jackson County, West Virginia in June 2022. (ECF No. 1-1.) Then, on January 12, 2023, Comprecare removed the case to this Court. (ECF No. 1.) Copen's complaint contains four counts, each related to her time employed and subsequent termination by Comprecare. Relevant to this motion, Count I alleges retaliatory discharge of Copen by Comprecare following a "complaint concerning her pay." (ECF No. 1-1, ¶ 16.)

Count I's legal premise is the notion that Copen's termination was a violation of a "substantial public policy" found in Section 21-5-3 of the West Virginia Wage Payment and

1

Collection Act ("WPCA"). (*Id.* at ¶ 17.) If such a public policy does exist in the statute, then Copen's termination as alleged would be improper under *Harless v. First Nat'l Bank in Fairmont*, 246 S.E.2d 270 (W. Va. 1978). But during motion to dismiss briefing, it became apparent that the parties disagree over whether a substantial public policy is found in the WPCA. (*Compare* ECF No. 7 at 4-9 *with* ECF No. 10 at 7-12.)

As a result of this disagreement, the pending motion to certify was filed on July 26, 2023. (ECF No. 23.) In response, Comprecare filed a brief in opposition on August 9, 2023, (ECF No. 25), and Copen did not file a reply. As such, the motion is fully briefed and ripe for consideration.

## II. LEGAL STANDARD

Under the West Virginia Uniform Certification of Questions of Law Act (the "Certification Act"), federal courts may seek an answer from the Supreme Court of Appeals of West Virginia ("SCAWV") to a question of state law if two conditions are met. First, the answer to the question must be "determinative of an issue in a pending cause in the certifying court." W. VA. CODE § 51-1A-3. Second, there must be "no controlling appellate decision, Constitutional provision or statute of [West Virginia]." *Id.*

## III. DISCUSSION

The claim in Count I is based on West Virginia state law. Specifically, it is based entirely on the SCAWV's decision in *Harless*. In that case, the court found an exception to the state's general "rule giving the employer the absolute right to discharge an employee at will." *Harless*, 246 S.E.2d 270, 275. The exception is that the right to discharge at will does not exist when an "employer's motivation for the discharge contravenes some substantial public policy principle."

*Id.* In such a case, "the employer may be liable to the employee for damages occasioned by the discharge." *Id.*

So, because Copen has made *Harless* the basis for her retaliatory discharge claim, a lack of a substantial public policy in Section 21-5-3 of the WPCA would foreclose that claim entirely. Copen claims this is an open question. Meanwhile, Comprecare disagrees and makes two kinds of arguments in its opposition to the pending motion. The first fails because of the stage of litigation, while the second fails on its merits.

A. The Question Presented Is Determinative At This Stage

Comprecare initially argues that the first requirement of the Certification Act—a question whose answer is determinative of an issue in the case—is not met. That is, Comprecare claims that Count I is not truly a *Harless* claim because "Comprecare did not violate the WPCA" and Copen "was not terminated for complaints about wages due to her." (ECF No. 12 at 9.) Therefore, Comprecare asserts that "whether the WPCA is a substantial public policy is irrelevant to this action." (*Id.*)

This argument suffers from a simple but fatal flaw: These are fact-based arguments, inappropriate at the motion to dismiss stage of litigation. At this time, well-pleaded allegations in the complaint must be "accept[ed] . . . as true." *See Albright v. Oliver*, 510 U.S. 266, 268 (1994). Additionally, the Court must construe factual allegations "in the light most favorable to the plaintiff." *See Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 267 (4th Cir. 2005) (citation omitted).

Copen has alleged that she was fired in retaliation for a "complaint concerning her pay." (ECF No. 1-1, ¶ 16.) Comprecare's argument that this is not *factually* the case has no present

3

bearing and thus does not persuade the Court. As things stand, the answer to the question regarding the WPCA would sustain or eliminate Count I. That is the definition of determinative.

B. *There Is No Controlling Precedent Or Law*

Because the answer to the question is determinative, the Court reviewed the parties' arguments and the relevant caselaw to glean the answer. But after doing so, the Court believes there is indeed an open question regarding Section 21-5-3 and its potential basis as the source of a *Harless* claim. In fact, a recent opinion from the SCAWV explicitly says as much.

In *Greaser v. Hinkle*, 857 S.E.2d 614, 620 (W. Va. 2021), the SCAWV announced that in deciding that case the court "decline[d] to address . . . the issue of whether a cause of action for retaliatory discharge in contravention of public policy may exist under West Virginia Code section 21-5-3." This is a plain and clear statement that the question at hand is unanswered.

As its only argument on the issue of controlling precedent, Comprecare cited *Greaser* as supposedly providing a controlling answer. (ECF No. 12 at 15-16.) However, Comprecare notably omitted the SCAWV's *express* refusal to answer the question. Still, this Court does note—as Comprecare indicates—that the SCAWV also explained in *Greaser* that it had "never recognized [that section] as substantial public policy sufficient to sustain a retaliatory discharge claim." 857 S.E.2d at 620 (also discussing the fact that opportunities to do so had presented themselves in the past).

The language in *Greaser* might be helpful if the Court wanted to guess the SCAWV's answer to the question here. Yet the SCAWV's unambiguous decision *not* to reject such claims across the board leaves the door open and the question unanswered. The Court declines to play

the role of diviner and instead takes the SCAWV's words at face value. As such, there is no controlling precedent that answers the question presented.

### IV. CONCLUSION

For these reasons the Court **GRANTS** the pending Motion to Certify Question to the West Virginia Supreme Court of Appeals, (ECF No. 23). The Court tentatively frames the question as follows: "Does West Virginia Code § 21-5-3 embody a substantial public policy for purposes of sustaining a retaliatory discharge claim under *Harless v. First Nat'l Bank in Fairmont*, 246 S.E.2d 270 (W. Va. 1978)?" The parties have 10 days from the date of the entry of this order to object to the form of the question and/or the certification.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 29, 2023

THOMAS E. JOHNSTON, CHIEF JUDGE